### DILLON v. MANHATTAN RY. CO.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

NEGLIGENCE—PROVINCE OF JURY.

 Plaintiff, about to enter defendant's car, had reached the car platform, and was proceeding, with persons both before and behind her, towards the car door, when

she was thrown down by a quick jerk of the train, and injured. *Held*, in an action for such injuries, that whether defendant was guilty of negligence or not was a proper question for the jury.

Appeal from circuit court, New York county.

Action for personal injuries by Margaret E. Dillon against the Manhattan Railway Company. There was judgment for plaintiff, and, after a motion for a new trial, defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Davies & Rappallo*, for appellant. *Leavitt & Keith*, (*John Brooks Leavitt*, of counsel,) for respondent.

MACOMBER, J. This action was brought to recover damages for personal injuries received by the plaintiff while getting aboard the defendant's car at the Fiftieth-Street station. After the conductor cried, "All aboard," the plaintiff stepped onto the car platform, and proceeded towards the door, with other people, both in front of her and behind her; and without warning, and before the gate was shut, the train was suddenly backed, and immediately jerked forward again in so violent a manner as to throw her off her balance; and, in endeavoring to catch the railing to prevent her falling, she wrenched her knee quite seriously, producing acute inflammation of the joint. The learned judge at the trial submitted to the jury whether or not it was negligence in this case to start a train in this manner while the plaintiff was passing along the platform to get inside of the car. We think under the evidence that this was a proper question for the jury, and, as the testimony is substantially uncontradicted, the verdict of the jury must be upheld. In the case of *Bartholomew* v. *Railroad Co.*, 102 N. Y. 716, 7 N. E. Rep. 623, the court say, in speaking of a train moving so slowly as to appear to have stopped, and then being suddenly jerked, that "ordinary care for the safety of the passengers required the train to be so run and managed as not to endanger their lives; and a sudden jerk or start, without any warning, when the passengers were upon their feet moving towards the platform of the cars, was sufficient evidence of carelessness to impose liability upon the defendant." It was the duty of the defendant to give a reasonable time to its passengers to get inside of the car before starting the train backward and forward in a violent manner, even though such movement of the train had been required in order to start it, as appears to be claimed by some of the witnesses, under certain conditions; as, for instance, when one of the engines happens to be upon a dead-center, and the load is heavy. But this testimony has only a theoretical and speculative bearing upon the case; because there is no evidence that in this instance the engine was upon a dead-center, and that the train was heavy, or that it was necessary for any reason thus suddenly to start the train. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concurring.