MORISON *v.* BROADWAY & S. A. R. Co.

*(Supreme Court, General Term, First Department.* January 10, 1890.)

1. HORSE AND STREET RAILROADS—INJURIES WHILE ENTERING CAR.

In an action against a horse-railway company for personal injuries, plaintiff, a man of 70 years, testified that, as one of defendant's cars was coming towards him, he signaled it to stop; that it had slowed up, and as it passed he had seized the rail, and planted his foot on the step, when the car gave a sudden jerk, and increased its speed, throwing his feet from under him, and dragging him some distance, injuring him severely. Plaintiff's testimony as to the sudden starting up of the car was to some extent corroborated by another witness. *Held,* that the question of defendant's negligence was for the jury.

2. SAME—PERMANENT INJURIES—EVIDENCE.

Where the evidence shows that plaintiff's arm was seriously injured, a question asked his attending physician, whether it is probable that his arm will ever get well, and the answer that at his age it is improbable, are competent as tending to show the injury to be permanent in its nature.

3. SAME—INSTRUCTIONS.

An instruction that defendant is not liable, unless its employes failed to stop the car as soon as possible after plaintiff got into the perilous position, is improper, since the mere careless throwing of plaintiff from the car, and so injuring him, imposes the liability.

**4. SAME—PROVINCE OF JURY.**
   Nor is it proper to charge that the evidence does not justify more than an award of nominal damages, since it is for the jury themselves to determine on the evidence what damages plaintiff sustained.

**5. DAMAGES—WHEN NOT EXCESSIVE.**
   Where it appears that the injury was serious, disabling plaintiff for some time, so as to prevent his pursuing his occupation, and it is shown that his sufferings were great, a verdict for $5,000 is not excessive.·

**6. APPEAL—ERROR CURED.**
   Objections to a question asked a witness, and to his answer, are cured by the subsequent withdrawal of the evidence thereby elicited.

Appeal from circuit court, New York county.

Action by George W. Morison against the Broadway & Seventh Avenue Railroad Company, for personal injuries sustained by reason of defendant's negligence. Judgment for $5,000 was entered on a verdict for plaintiff. Defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Root & Clarke,* (*Samuel B. Clarke,* of counsel,) for appellant. *Leavitt & Leavitt,* (*Edwin R. Leavitt,* of counsel,) for respondent.

DANIELS, J. The verdict was recovered for the sum of $5,000, for injuries received by the plaintiff in endeavoring as a passenger to go on board one of the defendant's cars, and being dragged by the car for a distance of upwards of a hundred feet. The car was passing up Broadway, between 5 and 6 o'clock in the afternoon of the 20th of June, 1887; and the testimony given by the plaintiff, as a witness in his own behalf, was that he signaled the car as it was approaching, and the driver eased it up; and when the rear platform came to where he was standing that he seized the rail with his right and left hands, and planted his feet, both or one of them, on the step, when there was a sudden jerk which threw his feet from under him, and he fell; that he continued to hold on the railing with his hand, and was dragged a distance, as he estimated it, of 125 feet. He was still further and more minutely examined concerning the motion of the car at the time when he endeavored to go upon the platform, and his testimony was that "it slowed up so it got quite slow, and when the railing came abreast of me, I took hold of the railing, and got on the car, or put my foot on the steps, and, as soon as I put my foot on the steps, the car made a sudden motion, and threw my foot from under me." He was asked by the defendant's counsel: "Can you state whether the horses were trotting at the time you attempted to board the car?" And he answered: "Trotting or galloping." The question was then renewed: "No; trotting on the ordinary jog. *Answer.* You might call it trotting. I should say they were. I call going fast, trotting." He added, further: "I should think they hauled up. I did not notice the horses. The car went slow, and I attempted to get on, and as soon as I attempted to touch the step the car increased in speed." And still further he answered: "When I took hold of this railing, I should judge that the car was going about a walk, that the horses were walking." And he further stated: "I don't think it was faster. It was very slow. That is the reason I got on, because it was very slow." He also testified that there was a sudden jerk, and his foot went from under him, and then he was dragged along the street. This evidence was not contradicted by that of any other witness upon the trial, and it permitted the jury to conclude that the car had slacked up, and was proceeding at a very moderate degree of speed at the time when the plaintiff endeavored to reach the platform; and, in the submission of the case to the jury, his right to maintain the action at all was made dependent upon the proof establishing to their satisfaction the existence of this as the actual state of things. And in rendering the verdict which they did it is to be assumed that they believed and adopted this view of the evidence; and that, under the authorities, exonerated the plaintiff from

the charge of negligence in endeavoring to go upon the car while it was in this state of motion. *Eppendorf* v. *Railroad Co.*, 69 N. Y. 195, where it was held that it could not, as a matter of law, be considered always negligent for a person to go upon a street-car while it was in motion, and that it would ordinarily be perfectly safe to do so when the car was moving at a low rate of speed, and no interference with the plaintiff's safety would have arisen if the motion of the car had not been suddenly changed. The facts were such, certainly, as to render the question one for the jury. *Morrison* v. *Railroad Co.*, 63 N. Y. 643.

The evidence which was given as to the starting of the car was also of itself sufficient to sustain the conclusion of the jury that the charge of negligence or improper management against the defendant was for that cause reasonably well supported; for by the signal given to the driver he was apprised of the fact that the plaintiff desired to take passage upon the car; and, having slacked up its speed to enable that to be done, it was his duty not to endanger the plaintiff's safety by suddenly putting the car in motion before he had been able to reach the platform. And that he did this is not only supported by the evidence of the plaintiff himself, but to some extent, certainly, by that of another witness who was sworn upon the trial. Where a passenger is endeavoring to go upon a car in this manner, to start it up with a jerk, while he is in the act of doing so, necessarily tends to endanger his safety; and the act of so starting it is in and of itself careless or negligent. *Keating* v. *Railroad Co.*, 49 N. Y. 673; *Nichols* v. *Railroad Co.*, 38 N. Y. 131; *Maher* v. *Railroad Co.*, 67 N. Y. 52; *Dillon* v. *Railway Co.*, 1 N. Y. Supp. 679; *Butler* v. *Railroad Co.*, 2 N. Y. Supp. 72. And the case of *Hayes* v. *Railroad Co.*, 97 N. Y. 259, in no way overrules or denies these authorities the weight or effect secured to them by the decisions which then were made; for in the latter case it was held that there was no evidence tending to establish negligence on the part of the railroad company, while in this case, as the driver understood that the plaintiff was about to go on board of the car, and had slacked its speed to enable him to do so, it was negligent for him to start up the car with a jerk before the plaintiff was safely on board. In both respects the evidence was ample for the consideration of a jury.

The evidence, not only of the plaintiff but of other witnesses in the action, was that he had received very grave and serious injuries by being dragged as he was by the car along the street. A medical witness, who had attended the plaintiff as a physician, was asked whether it was probable or improbable that in the present condition of his arm it would get well. This was objected to as immaterial and speculative, but the witness was allowed to answer the question, and to that the defendant excepted. The witness then said: "I think it is improbable, at his age." The defendant's counsel then moved to strike out the answer on the same grounds. That was denied by the court, and an exception taken to the denial. Immediately thereupon the plaintiff's counsel stated that he would withdraw the last question, and answer so as to have no exception in the case; and that he was permitted to do. The objection which was interposed, that it was immaterial and speculative to investigate this subject by the inquiry which was made, was not well founded, for the plaintiff had the right to prove that the injury was probably permanent in its character; and this evidence tended to establish that to be the fact. There was no objection taken to the form of the question, but it was confined to the inquiry as to the fact; and that fact the plaintiff was entitled to prove, if it could be done, either by this or any witness in the action. *Strohm* v. *Railroad Co.*, 96 N. Y. 305. But if there had been the least impropriety in the ruling allowing the question to be answered, it was corrected by the plaintiff's counsel immediately acceding to the motion which was made to strike out the evidence; and after that had been done, in accordance with the motion, the defendant was not in a position to complain of the answer.

Certain requests were made to the court for instructions to the jury. They were all complied with, except in three instances. The first included the proposition that the defendant could not be held liable unless its employes failed to stop the car as quickly as they could have done after the plaintiff got into a position of peril in attempting to board it. The refusal to charge this request was entirely proper, for the reason that a liability existed against the defendant if the plaintiff was carelessly thrown from the car and precipitated to the ground, and there received substantial injury.

The next request was that the evidence would justify no more than an award of nominal damages. This also was in like manner properly refused, for the reason that it was for the jury to determine upon the evidence before them what damages the plaintiff had in this manner sustained. Neither would the court have been justified in directing the jury to reject the plaintiff's claim for compensation for injuries received by him after he had been placed in a position of peril in attempting to board the car. The last proposition was connected with others, one of which, at least, was proper for the direction of the jury, if it had not been sufficiently stated to them in the charge itself. They were directed to compensate the plaintiff for the injuries received by him, and to add no more by their verdict than such a compensation would amount to. This was entirely within the range and limits of the case, and restricted the jury in their action to the legal principles applicable to it.

The verdict cannot be said to be disproportioned to the injury which the plaintiff received. It was grave and serious, disabling him for a time to pursue his ordinary occupation, and that disability was not entirely removed at the time of the trial. His sufferings are shown to have been great, and it cannot be said from the evidence that any larger verdict was rendered in the case than was necessary to remunerate him for the consequences of the wrong he had suffered. The judgment and order should be affirmed.

VAN BRUNT, P. J., concurs in result.