# THE

# New York Supplement.

## VOLUME X.

### SEITZ v. DRY-DOCK, E. B. & B. R. Co.

*(Common Pleas of New York City and County, General Term. June 2, 1890.)*

1. HORSE AND STREET RAILROADS—INJURIES WHILE ENTERING CAR.

In an action for injuries sustained while attempting to enter a street-car, after having signaled the driver to stop, plaintiff and some of his witnesses testified that the car had stopped, but started suddenly, as he was mounting the platform, and threw him down. Other witnesses for plaintiff testified that the car had not stopped, but had slackened its speed so that a person could enter it without risk. Defendant's witnesses testified that the car was moving at its usual speed when plaintiff attempted to enter it. The court charged that, if the car had not stopped when the plaintiff attempted to enter it, the verdict must be for defendant. *Held,* that a verdict for plaintiff would not be disturbed on appeal.

2. DAMAGES—PERSONAL INJURIES—LOSS OF EARNINGS.

While, in an action for personal injuries, the absence of evidence of the value of plaintiff's earnings precludes a recovery of substantial damages for loss thereof, he is nevertheless entitled to nominal damages on that account, and, to make an objection to a recovery of more than nominal damages for such loss available to defendant, a specific request that nominal damages could only be recovered for loss of wages is necessary.

Appeal from city court, general term.

Action for personal injuries brought by Frank Seitz against the Dry-Dock, East Broadway & Battery Railroad Company. There was a verdict for plaintiff for $500. The judgment entered thereon was affirmed by the general term of the city court, and defendant again appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Robinson, Scribner & Bright,* (*John M. Scribner,* of counsel,) for appellant. *Orlando L. Stewart,* for respondent.

BISCHOFF, J. On the 19th day of April, 1888, on Clinton street, between Division and Grand, in the city of New York, plaintiff, intending to become a passenger in one of defendant's cars, while attempting to board the same sustained severe injuries, some of them being of a permanent nature. Plaintiff testified that before attempting to board the car he signaled to the driver, and, the car thereupon coming to a full stop, he attempted to enter it; and, having hold of the guard-rails, and one foot on the step of the rear platform, the car suddenly started forward, whereby he was prevented from entering, thrown violently to the ground, dragged for a space of 100 feet or more, and thereby received the injuries of which he complains. In his narrative of the facts relating to the accident, he was fully corroborated by his wife, who was a witness on his behalf. Other witnesses for the plain-

v.10N.Y.s.no.1— 1

tiff, however, testified that the car at the time when the plaintiff attempted to board the same had not come to a full stop, but had sufficiently slackened its speed to enable any person to enter it without incurring risk of injury. Defendant's witnesses, on the other hand, testified that the car had neither slackened its speed nor come to a full stop, but was moving along at the ordinary rate of speed. Upon this conflict of testimony the trial justice declined to direct a dismissal of the complaint or a verdict for the defendant, but submitted the question of defendant's negligence and the plaintiff's contributory negligence to the jury for their determination. While it is true, as appears from the testimony, that some of plaintiff's witnesses contradicted the testimony of others to the effect that the car had come to a full stop, and asserted that the rate of speed had sufficiently slackened to enable any person to board the car, yet it is equally true that these witnesses contradicted the testimony of the defendant's witnesses to the effect that the car had neither stopped nor slackened its speed, but was proceeding at the rate common to street-cars.

Outside of defendant's objection to so much of the trial justice's charge as relates to recovery by the plaintiff of loss of earnings derived from his ordinary avocation of life, defendant's exceptions, grouped together, present the question as to whether or not it was contributory negligence, as matter of law, for the plaintiff to attempt to board the defendant's car while the same was in motion. At the request of the defendant, the trial justice charged the jury that, if they believed that the car had not come to a full stop when the plaintiff attempted to board it, they must find a verdict for the defendant. And, inasmuch as the jury found for the plaintiff, they must, in the light of the trial justice's instructions, be deemed to have accepted as true the statement of the plaintiff and his wife that the car had come to a full stop. The jury were the sole judges of the facts, and with their determination upon the conflicting testimony of witnesses this court will not interfere, unless to prevent an abuse of the jury's province. There is nothing in the evidence to indicate that the jury were moved in their finding either by prejudice against the defendant, or by undue sympathy for the plaintiff. The defendant's contention that the plaintiff was guilty in law of contributory negligence in attempting to board the car while in motion, though at a rate of speed which made it reasonably safe for any person to attempt to board it, is not well founded. This precise question was recently passed upon by the supreme court at a general term in the first department, and many previously reported cases duly considered. *Morison* v. *Railroad Co.*, 8 N. Y. Supp. 436. The decision in that case is to the effect that it is not always contributory negligence for a party to attempt to get on the rear platform of a car after signaling the driver to stop, and the car has slowed up, if it appears from the evidence that the accident was caused by the sudden starting and change of motion of the car after the plaintiff has attempted to board it. Citing *Eppendorf* v. *Railroad Co.*, 69 N. Y. 195, and *Morrison* v. *Railroad Co.*, 63 N. Y. 643. In delivering the opinion of the court, Judge DANIELS says: "By the signal given to the driver, he [the driver] was apprised of the fact that the plaintiff desired to take passage on the car; and, having slacked its speed to enable that to be done, it was his duty not to endanger the plaintiff's safety by suddenly putting the car in motion, before he had been able to reach the platform. * * * Where a passenger is endeavoring to go upon a car in this manner, to start it up with a jerk, while he is in the act of doing so, necessarily tends to endanger his safety; and the act of so starting it is, in and of itself, careless or negligent. * * * In this case, as the driver understood that the plaintiff was about to go on board of the car, * * * it was negligent for him to start up the car with a jerk before the plaintiff was safely on board." In these views I concur.

The defendant's exception to the charge of the trial justice, that the plaintiff may recover for loss of earnings resulting from his inability to pursue his ordinary avocations, is equally unavailing. It appears from the evidence that plaintiff, for a period of three weeks or more, was prevented, by reason of the injuries sustained, from pursuing his ordinary occupation, which was that of a shoemaker; but no evidence of the value of his earnings was given. While the absence of such evidence prevented plaintiff's recovery of substantial damages on that account, he was nevertheless entitled to nominal damages for the loss of such earnings, as the law will not assume the plaintiff's services to have been wholly valueless. The trial justice cannot, therefore, be said to have committed error in his instructions to the jury that, in assessing the amount of damages to be awarded to the plaintiff, they might take into consideration his loss of earnings by reason of the injury. To have made the objection to the plaintiff's right of recovery of more than nominal damages for loss of earnings available to the defendant, a specific request that the jury be directed to limit the plaintiff's recovery for the loss of such earnings to nominal damages only was necessary; and an exception to the refusal of the trial justice so to direct would have presented the defendant's objection to this court for review. No such request, and no such exception, appear in the case, and there is nothing to indicate that in assessing the amount of damages awarded to the plaintiff the jury allowed him more than a nominal sum for the loss of his earnings. *Feeney* v. *Railroad Co.*, 116 N. Y. 377, 22 N. E. Rep. 402. The judgment and order appealed from should therefore be affirmed, with costs to the respondent. All concur.