### COOK *v.* LONG ISLAND R. CO.

*(Supreme Court, General Term, First Department. June 29, 1892.)*

1. CARRIERS—INJURY TO PASSENGER.

    In an action for personal injuries against a railroad company, there was evidence that plaintiff was injured while about to enter a train of defendant. The train had come to a full stop, and the conductor having cried, "All aboard," plaintiff was in the act of passing from the station platform to the car platform, when the car gave a violent jar, which threw her down. *Held*, that a motion for a nonsuit was properly denied.

2. REVIEW ON APPEAL—WEIGHT OF EVIDENCE.

    A motion for a new trial, on the ground that the verdict of the jury is against the evidence or the weight of the evidence, will be granted only when it is clear and palpable that the jury erred through misapprehension, caprice, or partiality.

Appeal from circuit court, New York county.

Action by Catharine Cook against the Long Island Railroad Company. From a judgment rendered on a verdict for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*E. B. Hinsdale*, for appellant. *Edward G. Delaney*, (*Arthur C. Palmer*, of counsel,) for respondent.

PATTERSON, J. This action was brought to recover damages for injuries to the person of the plaintiff, a passenger on the defendant's railway, which injuries it is alleged were caused by the negligence of the defendant's servants in charge of and operating a train which the plaintiff was about entering at a station on the line of the road. At the circuit the plaintiff had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the defendant appeals; claiming that the complaint should have been dismissed at the close of the plaintiff's proofs, or, at all events, on the whole testimony, on the ground that negligence of the defendant was not shown sufficiently to carry the case to the jury, and that there was contributory negligence on the part of the plaintiff proven; and on the further ground that the verdict was against evidence, or the clear weight of evidence. It was shown on behalf of the plaintiff on the trial that on the 7th day of January, 1890, she attempted to board a train of the defendant's at Corona station, on Long Island. The train had come to a full stop. The conductor, standing on the platform, cried out, "All aboard," and the plaintiff thereupon proceeded to pass from the station platform to the platform or steps of one of the cars of the train. She had grasped the back hand rail, or

that attached to the body of the car, with her left hand, holding in the other hand an umbrella and satchel. She had placed one foot on the car step in the act of getting aboard,—her other foot was still on the station platform,—when suddenly, and without any warning or notice being given, a jolt or jar occurred, of so violent a character that, notwithstanding the grasp the plaintiff had upon the hand rail, she was thrown down between the platform of the station and that of the car, and sustained very serious injuries. In addition to the plaintiff's testimony, four other witnesses called by her testified substantially to the same state of facts, and corroborated the plaintiff in all the material details of her account of the occurrence.

It is apparent that, on the testimony as it stood at the close of the plaintiff's proofs, the motion for nonsuit was properly denied. The case was presented of a passenger invited by the conductor to enter a train standing motionless at a station, and such passenger, while in the act of entering, being thrown down by a sudden and violent concussion of the car she was about entering. To say the least, this was sufficient evidence of negligence to throw upon the defendant the burden of explanation. In *Dillon* v. *Railroad Co.*, (Sup.) 1 N. Y. Supp. 679, a plaintiff, while entering a car after the conductor had called upon passengers on the station platform to enter, was thrown down and injured by a sudden movement of the train, and it was held that even if, in order to start the train, the movement referred to was necessary, it was the duty of those in charge of the train to give ample time to passengers to get inside the car before an attempt to start was made; and in *Bartholomew* v. *Railroad Co.*, 102 N. Y. 717, 7 N. E. Rep. 623, which was a case similar to this, except that the plaintiff was leaving instead of entering a car, one of a train which appeared to have stopped at a station, and an announcement had been made authorizing passengers to alight, it was held that the plaintiff was justified in acting on appearances; and if by a sudden jerk or jolt, of which no warning was given, injury was caused, it was sufficient evidence of carelessness to impose liability upon the defendant.

To meet this view in the case at bar, the defendant introduced testimony showing that the train the plaintiff attempted to enter was well equipped, with all proper and sufficient appliances, and also testimony tending to show, and five witnesses deposed to it in substance, that no movement of the train took place; and it was further testified to that no movement could have taken place before starting, unless it were "a slight tremor" occasioned by taking off the air brakes, which it is claimed could not have been avoided. But this testimony did not entitle the defendant to a dismissal of the complaint at the close of the proofs on both sides. It left the question of fact still open as to whether there had been a movement of the car by which the plaintiff was thrown down. The jar might have been of sufficient force to produce the effect claimed by the plaintiff without the wheels moving any appreciable distance, and the judge charged the jury that the mere letting off the brakes could not of itself have produced the result. On the whole case, the subject of negligence of the defendant was properly left to the jury to say what caused the movement, and that question was submitted under proper and apparently satisfactory instructions, for no exception is taken to the charge, which was full, clear, and quite favorable to the defendant. There was nothing whatever which would have justified a dismissal of the complaint on the ground of contributory negligence. The plaintiff did everything that a prudent and careful person could have done while entering the car. She had even gone so far as to grasp the hand rail, and it is impossible to conjecture wherein she was at fault, on the uncontradicted testimony as to her acts or conduct at the time.

The denial of the motion for a new trial, on the ground that the verdict was against evidence or the clear weight of evidence, was correct. There was a sharp conflict of testimony as to the fact of the jar causing a movement of

the train, and of there being any such violent shock at all as that alleged by the plaintiff. Five witnesses called by the plaintiff testified that there was a "jar" or "jolt" or "jog." On the other hand, the train operatives, and two or three passengers, testify there was not. But a simple numerical preponderance of witnesses could not justify the annulment of the verdict of the jury. The rule has been proclaimed, time and again, that, to authorize the granting of such a motion, it must be clear and palpable that the jury erred through misapprehension, caprice, or partiality. The various forms in which this rule has been stated are to be found in the numerous cases cited by Mr. Justice BRADY in the opinion of the court in *Hickinbottom* v. *Railroad Co.*, 15 N. Y. St. Rep. 11, and no further reference to them is necessary here. The judgment and order appealed from are affirmed, with costs. All concur.