(6 Misc. Rep. 75.)

HACKETT v. EQUITABLE GASLIGHT CO. OF NEW YORK.

(Common Pleas of New York City and County, General Term.   December 4,
1893.)

1. APPEAL—PRESUMPTIONS IN FAVOR OF VERDICT.
    Upon appeal, if nothing appear to the contrary, the presumption is that,
in reaching a verdict, the jury obeyed the instructions of the court.
2. ACTION FOR PERSONAL INJURIES—DAMAGES—INSTRUCTIONS — HARMLESS ER-
    ROR.
    Though there be no evidence to warrant an instruction that damages
are recoverable for a specific loss, yet if the charge be that such damages,
to be allowed, must be proved, and the verdict indicates that nothing was
awarded for the specific loss, the error, if any, is of no prejudice.   Leeds
v. Gaslight Co., 90 N. Y. 26, distinguished.

(Syllabus by the Court.)

Appeal from trial term.

Action by Frederick Hackett against the Equitable Gaslight Com-
pany of New York to recover for personal injuries alleged to have re-
sulted from the negligence of defendant's servants.   From a judg-
ment entered on a verdict for plaintiff, and an order denying a new
trial, defendant appeals.   Affirmed.

From the evidence on the trial, it appears that the plaintiff, on or about
the 18th day of January, 1892, was engaged by the Hygienic Asphalt Com-
pany in cooking tar on Twenty-Eighth street, in New York city, between
Broadway and Sixth avenue. On the same day, workmen in the employ
of defendant commenced digging a trench on Twenty-Eighth street, within

about three feet of where the plaintiff was tending his tar pot, for the purpose, as the plaintiff afterwards learned, of connecting a service pipe to the Fifth Avenue Theater from the mains of the gas company. Without any warning to the plaintiff, the defendant's servants tapped the gas main, and in doing so permitted a sufficient quantity of gas to escape, which, mingling with the air and becoming thereby a high order of explosive, and then coming in contact with the fire underneath the tar pot, exploded, causing the injuries to the plaintiff, as complained of.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Coudert Bros., (F. R. Coudert and Joseph Kling, of counsel,) for appellant.

Menken Bros., for respondent.

PRYOR, J. The evidence authorizes the inferences involved in the verdict, namely, that plaintiff's injury was the effect of defendant's negligence, without fault on the part of the plaintiff. Those inferences were peculiarly for the judgment of the jury; and we should not be warranted in the conclusion that they are so slightly supported by the facts, and so repugnant to reason, as to justify the appellate court in setting the verdict aside.

But the appellant affirms error of the charge. The court directed the jury that, "in awarding damages, you will include loss of wages, if there is any evidence upon which you can base a conclusion that he has lost wages. Damages are to be proved, just as any other fact in the case, and you cannot speculate upon it." This instruction the appellant challenges because "there was no evidence to prove what wages the defendant received, or that he lost employment, or that the employment was of any value." That plaintiff's injury involved severe pain, disfigurement of the person, and expenditure for medical attendance, is an undisputed fact; and we are unable to determine that, for such consequences of the injury, $350 is an extravagant reparation. The verdict, therefore, carries no implication of an allowance for loss of wages or employment, (Seitz v. Railroad Co., [Com. Pl. N. Y.] 10 N. Y. Supp. 1;) and we are to presume that, as the loss or value of wages and employment was not shown by evidence, the jury, in compliance with the clear instruction of the court, awarded no damages for loss of wages and employment. The jury were told that without proof the damage could not be found. There was no proof. Hence, the inference that the damage was not found. In Leeds v. Gaslight Co., 90 N. Y. 26, the charge was absolute that the plaintiff "is entitled to recover compensation for time lost, and disability to labor," without the qualifying caution, "if there be evidence of such time and labor." Moreover, nothing intercepted the inference that the jury had awarded compensation for the unproved damage. The case is plainly distinguishable from the one before us. Judgment affirmed, with costs. All concur.