(13 Misc. Rep. 279.)

MORGAN et al. v. SHORT.

(Common Pleas of New York City and County, General Term.    June 3, 1895.)

EVIDENCE—DECLARATIONS OF AGENT.
    In supplementary proceedings by a lessor against his lessee the defense was eviction. It appeared that the lessee had left the premises, but retained the key, and did not dispute his liability for rent. Afterwards he visited the premises, and found a padlock placed on the door. *Held*, that a statement by the lessor's janitor to the lessee that he had placed the lock on the door in obedience to the lessor's orders, and that his instructions were to allow no one to enter without a permit, was admissible to prove the eviction.

Appeal from First district court.

Summary proceedings by William R. Morgan and others against Edwin T. Short to recover possession of premises, for nonpayment of rent.    From a final order in favor of defendant, plaintiffs appeal. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Jeroloman & Arrowsmith, for appellants.

Jackson Wallace, for respondent.

BISCHOFF, J.    This proceeding was instituted to recover possession of the premises in question, for nonpayment of rent due April 1, 1894, by the terms of a written lease.    The only issue litigated upon the trial was that raised by the defense of eviction, and upon this issue a jury found in favor of the defendant.    From the evidence it appears that defendant removed from the premises in November, 1893, but retained the keys of the particular portion leased by him, and in no way disputed his liability for rent.    At that time he applied to plaintiffs for permission to sublet, naming a proposed

undertenant. As to what was the outcome of this application, the evidence leaves us in some doubt; but it is conceded that in the latter part of November, 1893, defendant visited the building, and found a padlock placed upon the door of the demised premises. According to the testimony of defendant and his witnesses, the plaintiffs' janitor stated that he had placed this lock upon the door in obedience to plaintiffs' orders, and that his instructions were to allow no one to enter without a permit in writing. Defendant then left the premises, and, so far as appears, never resumed possession. The plaintiffs' denial that they ever authorized the act of the janitor, and the latter's testimony that he had not been so authorized, and had so stated to defendant at the time of their interview, merely created a conflict of testimony, as to which the jury's finding concludes. The only question before us upon this appeal is whether or not the evidence given by defendant, with regard to the janitor's statements in explanation of the presence of the padlock, was sufficient to support a finding of an eviction. Assuming, as we must, that the jury credited the defendant's evidence, we have the fact that the janitor's declaration was actually as stated. Thus, upon familiar principles, and in view of the charge delivered below, and next to be noted, we must hold this to be proof that the padlock was affixed with an intention upon plaintiffs' part to deprive defendant of a beneficial enjoyment of the premises. The rule with regard to the effect of an agent's declarations, as binding upon his principal, may be stated as follows: "When acts of the agent will bind the principal, then his representations, declarations, and admissions will also bind him, if made at the same time, constituting a part of the res gestae." Kasson v. Mills, 8 How. Prac. 377. The question whether or not the act of placing the padlock upon the door was within the scope of the janitor's employment was left to the jury by the justice below, without objection by plaintiffs, and we must assume that their finding followed the charge. Hackett v. Gaslight Co., 6 Misc. Rep. 75, 26 N. Y. Supp. 11. So, also, with plaintiffs' acquiescence. It was charged that the jury could find for the defendant if they believed his testimony as to the statements of the janitor. We find no ground, therefore, for disturbing the conclusion reached by the jury upon the facts; and, no questions of law being presented for review, the final order is affirmed, with costs.