(Decided 22nd November, 1888.)

THE NEW YORK, PHILADELPHIA AND NORFOLK RAILROAD COMPANY *vs.* BENJAMIN F. COULBOURN, by his Mother and next friend, ARRIANNA COULBOURN.

*Alighting from a Car in motion—Negligence—Province of Jury.*

Where a person enters a pay car, on the stopping of a train to which it is attached, for the purpose of receiving money due him, the railroad company is bound to afford reasonable time for the transaction of his business, before starting the train, and also to give proper warning of the purpose to put the train in motion, to enable him by the use of reasonable care, to leave the car without risk of injury to himself in the act of getting off.

Jumping from a car moving at the rate of five miles an hour, by one rightfully therein, is not such negligence on his part as would, in itself, preclude his right to recover for an injury sustained; but all the facts and circumstances of the case must be left to the consideration of the jury; and it is for them to determine, whether the person, in jumping from the car, acted as a reasonably cautious man would do under like circumstances.

APPEAL from the Circuit Court for Somerset County.

The case is stated in the opinion of the Court.

New York, Phila. and Norfolk R. R. Co. *vs.* Coulbourn.

*Exception.*—The plaintiff offered the three following prayers:

1. That if the jury shall find from the evidence in this case, that prior to 19th February, 1887, the plaintiff had been employed by the defendant as operator on the defendant's telegraph, and also as ticket agent and freight agent by the defendant company, and that on or about the 19th of February, 1887, the plaintiff left the service and employment of the said defendant; and if they shall further find that on the 11th of March, 1887, the defendant was indebted to the plaintiff for said services, and that on said 11th of March the pay car of the said defendant was at Marion, in Somerset County, Maryland, under the charge and control of the servants and employés of said defendant company, for the purpose of paying off the indebtedness of the defendant; and if they shall further find that said pay car was at Marion station, and that the plaintiff went in said pay car at Marion, on said day, to receive from the defendant, or its agents, what was due to him from the defendant: and if they shall further find that before the agent of the defendant had settled with the plaintiff what was due to him, and what plaintiff owed defendant, and before the plaintiff could by using all reasonable care and diligence—leave the said car, the said car was started and put in motion by the servants and employés of the defendant company; and if the jury shall further find that the plaintiff, using all reasonable haste and care to leave the said car by the nearest door way, in getting from off the said car, was thrown upon the ground because of the said car being carelessly and negligently put in motion, whereby his leg was broken, their verdict should be for the plaintiff.

2. If the jury shall find as stated in the plaintiff's first prayer, in estimating the damages they may take into consideration the physical and mental sufferings

of the plaintiff, the loss, if any, he may have sustained by reason of his confinement in consequence of his injury, such compensation as the jury may think he is entitled to because of his pain and suffering during his confinement in consequence of the injury, and such sum as the jury may think a fair and reasonable compensation for any injury they may find he has sustained, and if he has received injury they may consider whether the injury is permanent in its nature or not, and assess the damages accordingly.

3. If the jury shall find from the evidence, that the injuries to the plaintiff resulted directly from the want of ordinary care and caution on the part of the defendant's servants, or any of them, then, although they may further find that the plaintiff was guilty of some negligence or want of caution, their verdict must be for the plaintiff; provided the jury find that the accident causing his injuries could not have been avoided by the exercise on the part of the plaintiff of such care as ought to be reasonably expected from an ordinarily prudent person in his situation.

The defendant offered the four prayers following :

1. That the Court instruct the jury on all the evidence in the cause: 1st. That the burden of proof is upon the plaintiff, and in order to find for him, the jury must be satisfied that the injury complained of arose and was caused exclusively and solely by the negligence and want of ordinary care of the defendant, or its servants and agents, without negligence or want of care on the part of the plaintiff, and unless they so find their verdict should be for the defendant.

2. If the jury find that the plaintiff entered the pay car of the defendant, then standing at Marion station, for the purpose of receiving money from and paying money to the defendant, and that after the said business was ended he then had time to leave the said car

New York, Phila. and Norfolk R. R. Co. *vs.* Coulbourn.

while so standing at said station, but continued thereon after said business was ended, until the said car moved, and after the said car had started, the plaintiff, with full knowledge that the said car was in motion, voluntarily and without being directed or induced to do so by the defendant, or any of its agents or servants, jumped from and off said car and fell upon the ground and received the injury complained of, he is not entitled to recover, and the verdict should be for the defendant.

3. That if the jury shall find that the plaintiff was in the pay car of the defendant standing at Marion although they may find that after his business was concluded he was not afforded sufficient time to leave the said car before it was started, yet if they further find that in jumping from the said car while in motion at the time and place which they shall find the evidence establishes, the said plaintiff did not act with such care as prudent persons might reasonably be expected to exercise in his situation, then their verdict must be for the defendant.

4. That if the jury shall find the said car was moving at least at the rate of five miles an hour at the time the plaintiff jumped from it, then such act of the plaintiff was negligent, and they must find for the defendant.

The Court (IRVING, C. J.,) granted the plaintiff's prayers and the third prayer of the defendant, but rejected the other prayers of the defendant, and in place of its first and second prayers rejected, gave the following instruction:

If the jury find from the evidence that the plaintiff entered the pay car of the defendant to receive what was due him from the defendant, and to pay what he owed to the defendant, and that after his business was fully ended he had time enough to leave the car before

the same was started in motion, but remained until after the car started and then jumped from the car whilst the same was in such motion as the jury may think rendered his jumping unsafe and negligent, (although they may also find he was exercising reasonable care in the act of jumping,) then they should find for the defendant, unless the jury should also find that the plaintiff jumped off in consequence of directions of the defendant's agents to leave, and that they knew he was about alighting while the car was in motion, and by the exercise of ordinary care could have prevented the injury, and if they do so find, then they should find for the plaintiff.

To the granting of the plaintiff's prayers, and to the rejection of its prayers, as also to the instruction given by the Court, the defendant excepted. The jury gave a verdict in favor of the plaintiff for $3,350 and judgment was entered thereon. The defendant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, BRYAN, and MCSHERRY, J.

*Henry Page*, and *J. W. Crisfield*, for the appellant.

If the plaintiff voluntarily, rashly and negligently got off the car while it was moving, and thereby his leg was broken, he cannot recover. *State, use of Coughlan vs. Balto. & Ohio R. R. Co.*, 24 *Md.*, 84; *Baltimore & Ohio R. R. Co. vs. Bahrs*, 28 *Md.*, 647; *Frech vs. Phila., Wilm. & Balt. R. R. Co.*, 39 *Md.*, 574.

The plaintiff was not a passenger, and the degree and quality of diligence required of a carrier of passengers for hire, do not apply to this case. *Balto. & Ohio R. R. Co. vs. Breinig*, 25 *Md.*, 387; *Phila., Wilm. & Balto. R. R. Co. vs. Kerr*, 25 *Md.*, 521; *State, use of Coughlan vs. Balto. & Ohio R. R. Co.*, 24 *Md.*, 84; *Story on Bailments*, 28.

New York, Phila. and Norfolk R. R. Co. *vs.* Coulbourn.

The defendant owed no duty to the plaintiff to keep its train still, and to derange the regular current of its business, to await the pleasure or the caprice of the plaintiff. Starting the car, while the plaintiff was on it, was *per se* a harmless act; it broke no bones, and inflicted on the plaintiff no physical injury. It becomes harmful *only*, by being so connected with the subsequent jump and fall of the plaintiff on the ground, which was the direct and immediate cause of the injuries he complained of. The *onus* of proving such connection is on the plaintiff.

No presumption of its existence arises, from the simple fact of the happening of the accident, nor from their quick succession in point of time. See *Frech vs. Phila., Wilm. & Balto. R. R. Co.,* 39 *Md.,* 576.

*Joshua W. Miles,* and *James U. Dennis,* for the appellee.

In this case the proof shows that the plaintiff was on the car by appointment and invitation, to settle unsettled business matters with the defendant. Being there under such circumstances, he was entitled to all the care and rights of a passenger, for the time being. 2 *Woods R. R. Law, p.* 1045, *sec.* 298.

In the case of *St. Louis, &c., R. R. Co. vs. Cantrell,* 37 *Ark.,* 519, the Court says, "a passenger was told by the conductor to hurry and get off; the train was moving *very slowly;* he stepped off, fell and was injured. It was held that an action was maintainable," Judge HARRISON saying "it was clearly the duty of those in charge of the train to stop the same, that the plaintiff might get off." On the other hand it may, as a general proposition, be said that it. is imprudent, and a want of proper care to alight from a train while it is in motion; *but whether it is so* in a *particular case,* must depend upon the circumstances under which the at-

New York, Phila. and Norfolk R. R. Co. *vs.* Coulbourn.

tempt was made. *Vide Cumb. Valley R. R. Co. vs. Maugans,* 61 *Md.,* 53; *Balto. & Ohio R. R. Co. vs. Kane, ante page* 11; *State, use of Harvey vs. Balto. & Ohio R. R. Co., ante p.* 339; *Louisville & N. R. R. Co. vs. Stacker,* 86 *Tenn.,* 343; *Thompson on Carriers,* 227, 267; *E. Tenn., &c., R. R. Co. vs. Conner,* 15 *Lea,* 258; *Georgia R. & B. Ry. Co. vs. McCurdy,* 45 *Ga.,* 288.

This Court has said, in the case of *Kennedy vs. Co. Commrs. of Cecil County, ante, p.* 65, " even if the plaintiff has been guilty of negligence, &c., which contributed to the accident, yet if defendant could, by reasonable care and diligence, have avoided it, the plaintiff's negligence will not excuse the defendant." See also *Kean vs. Balto. & Ohio R. R. Co.,* 61 *Md.,* 154; *Lewis vs. Balto. & Ohio R. R. Co.,* 38 *Md.,* 588; *Klipper vs. Coffey,* 44 *Md.,* 117; *Balto. & Ohio R. R. Co. vs. State, use of Trainor, et al.,* 33 *Md.,* 542; *Pennsylvania R. R. Co. vs. Kilgore,* 32 *Penn.,* 296; 2 *Wait on Act. & Def.,* 64; 2 *Redf. Acc. R. R. Cases,* 486; *Thompson on Carriers,* 243, 562, *sec.* 17, *sub-secs.* 1, 2, 3.

ALVEY, J., delivered the opinion of the Court.

This was an action by the appellee against the appellant to recover for an injury sustained by the former, caused, as it is alleged, by the negligence of the latter. The accident occurred on the 11th of March, 1887, at Marion Station, on a branch road of the defendant. The plaintiff had been in the employ of the defendant, but had left the service before the accident occurred. The defendant was indebted to the plaintiff on account of service rendered, and when the defendant's pay car came to the station to pay off employés, the plaintiff, in company with the station agent, entered the car to receive the amount due him; and immediately after the amount was paid him the car started, and while moving the plaintiff jumped off and

broke his leg. The testimony varies as to the length of time the car stopped at the station; some of the witnesses say about two minutes, and others from two to four minutes. The plaintiff jumped from the car step, which is said by some of the witnesses to be about two and a half or three feet from the ground. When the plaintiff jumped off, the car had passed the end of a high platform, and was moving, according to the testimony of some of the witnesses, at the rate of about four and a half to five miles to the hour.

There was no question raised as to the legal sufficiency of the evidence to be submitted to the jury. The two questions submitted to the jury upon the evidence, by the instructions given, were, 1st, whether there was sufficient time allowed, or warning given of the starting of the car, to enable the plaintiff, by the use of reasonable care, to get from the car in safety; and, 2d, whether he did exercise reasonable care in his attempt to get off the car, under the circumstances of the case?

The plaintiff entered the car for a lawful purpose, and was therefore rightfully in the car for such time as was reasonably sufficient to enable him to transact the business for which he entered it. The defendant, by its agents and servants, was bound to afford reasonable time for the transaction of the business, before moving the train, and was also bound to give proper warning of the purpose to put the train in motion, to enable the plaintiff, by the use of reasonable care and diligence, to leave the car without risk of injury to himself in the act of getting off. If the defendant was negligent in the observance of these reasonable and necessary precautions, and such negligence caused the injury to the plaintiff, then, unless it be shown that the plaintiff, by his own want of care, directly contributed to the production of the injury, the defendant became liable.

*Doss vs. Mo., Kans. & Texas R. Co.*, 59 *Mo.*, 27. The question of the negligence of the defendant, and also that of the contributory negligence of the plaintiff, appear to have been very distinctly and fairly put to the jury in the first and third of the prayers of the plaintiff, and the third prayer of the defendant, granted by the Court, and by the substituted instruction of the Court, in lieu of the first and second prayers offered by the defendant. Indeed, by these instructions, the whole law of the case was fully and fairly presented for the guidance of the jury; and we discover no error in the rulings thus made for which the judgment below should be reversed.

The second prayer of the plaintiff related to the measure of damages, and was granted by the Court, and we do not understand that there is any specific error assigned in respect to that prayer, except that it is said to be too general and indefinite. But we fail to perceive that it is liable to such an objection.

The Court rejected the defendant's fourth prayer, and in so doing we think it committed no error. By that prayer the Court was asked to instruct the jury, that if they should find that the car was moving at least at the rate of five miles an hour, at the time the plaintiff jumped therefrom, then such act of the plaintiff was negligence on his part, and their verdict should be for the defendant. This prayer excluded from consideration all the facts and circumstances of the case, under which the plaintiff acted, except the single fact that he jumped from the car when it was moving at the rate of five miles per hour; and if the jury should find that fact, then, the Court was asked to say *as matter of law*, there was such negligence on the part of the plaintiff as would preclude his right to recover, without regard to the other facts of the case. But, in our opinion, all the facts and circumstances of the case

New York, Phila. and Norfolk R. R. Co. *vs.* Coulbourn.

were properly left to the consideration of the jury; and it was for them to determine, as matter of fact, whether the plaintiff, in jumping from the car, acted as a reasonably cautious man would do, under like circumstances. This is the principle announced by this Court, in the case of the *Cumberland Valley R. Co. vs. Maugans,* 61 *Md.,* 53, and the decision of that case is well supported by authority. It is doubtless a well settled general principle, that if a passenger, or other person lawfully on a train, without any direction from the conductor, or other person in authority over the train, voluntarily incurs danger by jumping from the train while in motion, the railroad company is not responsible for injury resulting therefrom. But if the motion of the train is so slow that the danger of jumping off is not reasonably apparent, and the passenger, or other person, acts under the direction of the conductor or other person in authority, then the defence of contributory negligence is unavailing; and it is for the jury to determine whether the danger of leaving or boarding a train when in motion is so apparent as to make it the duty of the passenger or other person to desist from the attempt. *Whart. Negl.,* sec. 380; *Johnson vs. R. R. Co.,* 70 *Penn. St.,* 357. The question, as one of fact, dependent upon all the circumstances of the case, was fairly submitted to the jury, by the granting of the defendant's third prayer, and the substituted instruction given by the Court.

Finding no error we affirm the judgment.

*Judgment affirmed.*

(Decided 22nd November, 1888.)