ROSE A. GARVEY *vs.* RHODE ISLAND COMPANY.

PROVIDENCE—MARCH 19, 1904.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Common Carriers.  Negligence.  Contributory Negligence.*

Declaration alleged that plaintiff signaled the motorman of an electric car of her desire to board the car, while it was rounding a curve; that the car slowed down and came nearly to a standstill, whereupon plaintiff walked toward it for the purpose of boarding it when it came to a standstill; that it was the duty of defendant to bring the car to a standstill, so that plaintiff might board same, but that, disregarding this duty, the motorman increased suddenly the speed of the car around the curve, thereby causing the rear end to swing over that part of the street where plaintiff was standing and strike her.  On demurrer:—

*Held*, that, by voluntarily assuming a position of danger relative to the car, plaintiff assumed the risk incident thereto.

*Held*, further, that plaintiff had no right to infer that the car would come to a standstill at any particular point on the curve, and hence had no right to take a position where the swing of the car would strike her.

*Held*, further, that, until the conditions were such that plaintiff could safely board the car or she had been given to understand that she could do so, defendant owed her no legal duty.

*Held*, further, that, having placed herself within reach of the overhang of the car, it was inevitable that it would strike her; and hence the negligence of plaintiff was the proximate cause of the injury and not the acceleration in speed.

TRESPASS ON THE CASE for negligence.   Heard on demurrer to declaration, and demurrer sustained.

(1)   TILLINGHAST, J.  The material allegations of the plaintiff's declaration are that, being desirous of boarding one of the defendant's street cars in Providence, at the place known as "Turk's Head," she signaled the motorman of the car of her desire to take the car, while it was rounding the curve at said point, and that in consequence of her signal the car was slowed down and nearly brought to a standstill on said curve, whereupon the plaintiff walked towards it for the purpose of boarding it when it came to a standstill.

The declaration then alleges that it became the duty of the defendant to then bring the car to a standstill so that plaintiff

might board the same with safety.  But that the defendant negligently disregarded this duty, and, while the plaintiff was standing in the street near to said curve waiting for the car to stop, she being in the exercise of due care, the motorman suddenly increased the speed of the car around said curve, thereby causing the rear end of the car to swing, or kick out, over that part of the street where the plaintiff was standing, and strike against her, whereby she was thrown down and injured.

The defendant demurs to the declaration on the grounds, (1) that it appears thereby that she voluntarily assumed a position of danger relative to said car;  (2) that the plaintiff was negligent in assuming a position of danger relative to said car before it had come to a standstill; and (3) that the declaration does not set forth any legal duty owing by the defendant to the plaintiff.

We are of the opinion that all of the grounds of demurrer are well taken.

By voluntarily assuming a position of danger relative to said car, the plaintiff assumed the risk incident thereto.  And, although the speed of the car was being slackened in response to her signal before she assumed the position of danger on said curve, yet as it had not come to a standstill she had no right to infer that it would do so at any particular point on the curve, and hence she had no right to take a position where the swing or overhang of the car would come in contact with her person.  It is to be noted in this connection that the plaintiff was not attempting or intending to board the car while it was in motion, but to wait until it came to a standstill.  And hence it was her plain duty not to get in the way of the car, or of any part thereof, while it was in motion.  That the plaintiff knew that the position which she took while the car was rounding the curve was a dangerous one must be presumed, as every person who is of sufficient intelligence to be capable of being left alone in the streets must be presumed to take notice of the obvious fact that the body of a street-car, in rounding a curve, must necessarily swing out some little distance from the track on the outside of the curve.  And for one to place himself within reach of the swing or overhang of a car while

6

it is in motion is as much a bar to his recovery in an action against the company as though he had negligently placed himself in front of a moving car and been injured thereby. Indeed, the former act would seem to be a stronger bar to his recovery than the latter; for when one negligently places himself in front of a moving car the motorman, who is in a position to see him, is bound to avoid injuring him if possible, notwithstanding his own negligence. But, where one places himself in such a position that the motorman is unable to see him, as must have been true in the case at bar, and is hit by the swing or kick of the rear part of the car when rounding a curve, we fail to see how any liability can be fastened upon the company.

Again, we fail to see that the defendant was guilty of any negligence in the premises. Even assuming that from the act of the motorman in slackening the speed of the car in response to the plaintiff's signal she had the right to assume that it would stop shortly, and while on the curve, yet, as already suggested, she had no right to assume that it would stop at any particular point on the curve, nor was it the duty of the motorman to stop at any particular point thereon. And until the plaintiff had been given to understand by some act of the motorman or conductor that she could safely attempt to board the car, or at any rate until the conditions were such that she could do so, the defendant owed her no legal duty.

But counsel for the plaintiff places much stress upon the fact that after the speed of the car had been slackened, in response to the signal to stop, its speed was suddenly accelerated, and that this was the proximate cause of the plaintiff's injury.

We do not see that this is so. Having placed herself within the reach of the overhang of the car, as the plaintiff did, it was inevitable that it would strike her if it did not stop and she remained in that position. So that the mere fact that the speed of the car was subsequently accelerated was not the proximate cause of the accident, as it must have happened in any event except as above stated. And hence it would seem

to be clear that the plaintiff's negligence was the proximate cause thereof. .

The plaintiff's counsel admits that he has been unable to find any reported case based upon facts like those relied on by him in the case at bar, but he strenuously argues that a close analogy exists between this case and that class of cases which involves the question of boarding a street car while it is in motion; and that the universal current of authority in this country is to the effect that it is not negligence *per se* for a person to attempt to board a moving street car.

In support of this contention counsel cites, amongst others, the following cases: *Corlin* v. *St. Ry. Co.*, 154 Mass. 197; *Gordon* v. *St. Ry. Co.*, 175 Mass. 181; *Davey* v. *St. Ry. Co.*, 177 Mass. 110; *Sexton* v. *St. Ry. Co.*, 40 N. Y. Ap. Rep. Div. 26; *Eppendorf* v. *Ry Co.*, 69 N. Y. 195; *Morrison* v. *St. Ry. Co.*, 130 N. Y. 166; *Distler* v. *L. I. R. R. Co.*, 151 N. Y. 424; *Johnson* v. *West Chester R. R. Co.*, 70 Pa. St. 357; *Powelson* v. *United Traction Co.*, 204 Pa. St. 474; *Sahlgaard* v. *St. Paul Ry. Co.*, 48 Minn. 232; *Citizens St. Ry. Co.* v. *Merl*, 26 Ind. App. 284; *Conner* v. *St. Ry. Co.*, 105 Ind. 62; *B. & O. Ry. Co.* v. *Kane*, 69 Md. 11; *N. Y., P. & N. R. R. Co.* v. *Coulbourn*, 69 Md. 360; *White* v. *St. Ry. Co.*, 92 Ga. 494; *North Birmingham Ry. Co.* v. *Liddicoat*, 99 Ala. 545; *L. R. & F. S. Ry. Co.* v. *Atkins*, 46 Ark. 423; *Central Pass. Ry. Co.* v. *Rose*, 22 Sw. Rep. 745; *North Chicago St. Ry. Co.* v. *Williams*, 140 Ill. 275; *Wyatt* v. *Ry. Co.*, 55 Mo. 485; *Fulks* v. *St. L. & San. Fran. Ry. Co.*, 111 Mo. 335; *Omaha St. Ry. Co.* v. *Martin*, 48 Neb. 65; *Finkeldey* v. *Omnibus Cable Co.*, 114 Cal. 28; *Woo Dan* v. *Seattle Elec. Ry. Co.*, 5 Wash. 466.

While an examination of these cases shows that they fully sustain the proposition of law that it is not necessarily a negligent act to attempt to board a street car while it is in motion, yet we fail to see that there is any such analogy between those cases and the one before us as to make them controlling on the question here in issue. For, as already said, the plaintiff was not attempting to board the car at the time she was injured, but was simply waiting for it to come to a standstill in response to her signal. And we think it is clearly the duty

of a would-be passenger under such circumstances to take a position outside of the reach of the passing car.

The demurrer is sustained, and the case remanded to Common Pleas Division for further proceedings.

*Richard E. Lyman*, for plaintiff.

*Henry W. Hayes, Frank T. Easton*, and *Lefferts S. Hoffman*, for defendant.