The Western Maryland Railroad Company *vs.*
Antone J. Herold and Mary A. Herold.

*Negligence—Personal injury—Contributory negligence—Question for the Jury—Instruction.*

The plaintiff went to a Sanitarium, a resort for sick children, in a car attached to a train that went beyond the Sanitarium. When the train reached the Sanitarium the car was detached and switched off, and left on the track with brakes set to secure it. Just before the time for the visitors to return, it was the duty of a brakeman in the employ of the railroad company to take charge of the car thus left on the switch. The switch had a down grade for some distance towards the main track, and the brakeman only had to unfasten the brake, and the car by its own momentum, would run to a point near the main track, where it was attached to the returning train and taken to Baltimore. Upon their arrival at the Sanitarium, visitors were required to leave their wraps, &c., at the house near which the car stopped, and checks were given for them. These checks were surrendered and the wraps returned when the visitors were ready to return to the city. By certain rules and regulations of the Sanitarium, adopted with the consent of the railroad company, the wraps of the visitors were not to be given out until the brakeman had arrived and had taken charge of the car in which the visitors were to return; and after the wraps had been given out, the visitors were not to go into the car until notice was given by one of the officers of the Sanitarium. These rules and regulations were not published, nor were they posted on the grounds or put up in the car, and the only notice that the visitors had of them was by an announcement made by one of the officers of the Sanitarium to the visitors while they were at lunch or at tea. The defendant proved that on the day of the accident, and while the visitors were at the table, an officer of the Sanitarium gave notice that the wraps would be given out at twenty minutes before six o'clock, and that no one was to go to the car until the official had given the order. In going to the Sanitarium, the car was so crowded that the plaintiff, with a sick child in her arms, had to stand. For this reason she was advised by a friend, who

Western Maryland Railroad Co. *vs.* Herold.

had accompanied her, and who promised to bring the wraps, to go with the child she had in charge and secure seats in advance of the leaving time. On reaching the car she found it open, and persons inside, all of whom were women and children. A few minutes after she was seated, a boy about eight years old, unfastened the brake, and the car by its own momentum started down the grade going at the rate of about ten miles an hour. The plaintiff becoming frightened, pushed off the child she had, and then jumped off herself, and was seriously injured. She had never been at the Sanitarium before, and had no knowledge of the rules and regulations about going to the car; and if such rules were announced at the tea table, she did not hear them. HELD:

1st. That the railroad company was guilty of negligence in not locking the car door, and in not securing the brakes in such manner that they could not be unlocked by a boy eight years old.

2nd. That the Court could not say, as a matter of law, that the plaintiff's own negligence directly contributed to the injury; or that she was guilty of negligence in entering the car in advance of the other visitors.

3rd. That whether the circumstances were such as to justify a prudent person in jumping from the car was a question for the jury.

Where the Court instructed the jury that if the plaintiff knowingly entered the car in violation of the rules of the Sanitarium and of the company, or if, having entered, even without knowledge of such rules, she jumped from the car from an apprehension of danger which did not in fact exist, or which would cause a person of ordinary prudence to jump from the car, then the plaintiff was not entitled to recover, the defendant has no just ground of complaint as to the instruction.

APPEAL from the the Court of Common Pleas.

The case is stated in the opinion of the Court. The jury rendered a verdict for the plaintiffs for $5,000, and judgment was entered thereon, after a motion for a new trial was overruled.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Charles Marshall,* for the appellant.

*D. Meredith Reese,* for the appellees.

The following authorities were referred to: *Balto. & Ohio Railroad Co. vs. Worthington,* 21 *Md.,* 275; *Stokes vs. Saltonstall,* 13 *Peters,* 181; *Railroad Co. vs. Mowery,* 36 *Ohio,* 418; *Twomley vs. C. P. N. & E. R. R. Co.,* 69 *N. Y.,* 158; *Coulter vs. American Merchants' Un. Ex. Co.,* 56 *N. Y.,* 585; *Buel vs. New York·Central Railroad Co.,* 13 *N. Y.,* 314; *Filer vs. New York Central Railroad Co.,* 49 *N. Y.,* 47; *Treusch vs. Kamke, &c.,* 63 *Md.,* 278; *Stockton vs. Frey,* 4 *Gill,* 406; 2 *Redfield on Law of Railroads,* 245, *note E; Willis vs. Long Island R. R. Co.,* 34 *N. Y.,* 677; *Balto. & Ohio R. R. C. vs. Breinig,* 25 *Md.,* 378; *Baltimore City Pass. Railway Co. vs. Wilkinson,* 30 *Md.,* 232; 2 *Wood's Railway Law,* sec. 304; 1 *Redfield on Railways,* 96; *Patterson's Railway Accident Law,* 250; *McDonald, et ux. vs. Chicago and Northwestern R. R. Co.,* 26 *Iowa,* 124; *Shannon vs. Boston and Albany R. R. Co.,* 23 *Am. and Eng. Railway Cases,* 511; *McElroy and Wife vs. Nashua and Lowell Railroad Corporation,* 4 *Cush.,* 400; *B. and M. R. R. Co. vs. Rose,* 11 *Neb.,* 177; *Great Western Railway Co. vs. Goodman,* 11 *Eng. L. and Eq.,* 546.

ROBINSON, J., delivered the opinion of the Court.

This is an action to recover damages for personal injuries sustained by the female plaintiff, and caused by the alleged negligence of the defendant.

On the morning of the accident, the female plaintiff went, in company with Mrs. Shadle and in charge of one of her children, to the *Wilson Sanitarium,* a resort for sick children, situated near the main line of the defendant company. The car in which the plaintiff was seated, was attached to a train that went beyond the Sanitarium, and when it reached the switch leading from the main track into the grounds of the Sanitarium, it was detached, and pushed by an engine into the grounds near the building, in which was the office of the agents of the

Western Maryland Railroad Co. *vs.* Herold.

Sanitarium, who have charge of the visitors, and here it was left on the track, with brakes set to secure it. Just before the time for the visitors to return, a brakeman in the employ of the Railroad Company, went into the grounds, and took charge of the car, thus left on the switch. The switch has a down grade toward the main track, and all the brakeman had to do, was to unfasten the brake, and the car, by its *own momentum*, ran down the switch to a point near the main track, where it was attached to the east bound train, and taken into the city. Upon their arrival at the Sanitarium, the visitors are required to leave their wraps at the house, near which the car stops, and for which they receive checks, which are surrendered when the visitors are ready to return to the city. By certain rules and regulations of the Sanitarium adopted with the consent of the Railroad Company, the wraps of the visitors are not to be given out until the brakeman has arrived and has taken charge of the car in which the visitors are to return; and after the wraps have been given out, the visitors are not to go into the car, until notice is given by one of the officers of the Sanitarium. These rules and regulation were not published, nor were they posted in the grounds or put up in the car, and the only information or notice that the visitors had of these rules, was by announcement made by one of the officers of the Sanitarium, to the visitors while they were at lunch or at tea.

The defendant proved that on the evening of the day of the accident, and while the visitors were at the tea table, one of the officials of the Sanitarium gave notice that the wraps would be given out at twenty minutes before six o'clock, and that no one was to go to the car until the official had given the orders. Somewhere about six in the evening, Mrs. Shadle told the plaintiff to go with the child she had in charge, and secure seats in the car, saying at the same time that she, witness, would

get the plaintiff's wraps, when they were given out.   In going out to the Sanitarium, the car was so crowded, that the plaintiff was obliged to stand with a sick child in her arms, and this was the reason why Mrs. Shadle directed her to go to the car in advance of the visitors. When she reached the car, the plaintiff found about a dozen persons inside, all of whom were women and children, and a few minutes after she was seated, a small boy, about seven or eight years old, unfastened the brake, and the car, by its own momentum, started down the grade, and going at the rate of about ten miles an hour.   Finding no one in charge of the car, the plaintiff, becoming alarmed, and apprehensive of danger, first pushed the child off she had in charge, and then jumped off herself, and in doing so, broke her ankle and shoulder-blade.   She had never been at the Sanitarium before, and had no knowledge of the rules and regulations about going to the car, and if such rules were announced at the tea table, she did not, she says, hear the announcement.

Now, upon this evidence the Court at the request of the defendant, instructed the jury:   First.  If they should find that by a regulation for the conduct of persons visiting the Sanitarium, adopted with the consent and authority of the Railroad Company, that the bonnets and wraps of the female plaintiff and of other visitors, were not to be returned to her until the car of the company was ready for occupancy by passengers, and until the brakeman had arrived to take charge and control of the car; and if they find that the female plaintiff, knowing that the time appointed by the official, who received her wraps and bonnet for the delivery thereof had not arrived, nevertheless, went and entered said car without her bonnet and wraps, and before the time when the brakeman was to take charge of the car had arrived; and if they further find that at the time she entered the car, it was so secured by the brakes, that it could not be

moved unless some one should unloose the brakes; and if they further find that after she so entered, a boy, having no relation to the company, unloosed the brakes, and in consequence thereof, the car was set in motion, and the female plaintiff jumped from the car and was injured— she contributed thereby to her own injury, and the verdict must be for the defendant.

Secondly:—If they find that the injury complained of resulted directly from the act of the female plaintiff in jumping from the car, and would not have happened but for that act; and if they further find that she jumped from the car from the apprehension of danger that did not exist in fact; if they further find that the circumstances under which she jumped from the car were not such as to make it a reasonable act of prudence on her part to jump from the car, then their verdict must be for the defendant.

In granting these prayers offered by the defendant, the Court instructed the jury that if the female plaintiff knowingly entered the car in violation of the rules of the Sanitarium and of the company, or if, having entered, even without knowledge of such rules, she jumped from the car from an apprehension of danger which did not in fact exist, or which would cause a person of ordinary prudence to jump from the car, then the plaintiff was not entitled to recover. The defence set up by the company was thus fully and fairly submitted to the jury, and whatever ground of complaint there may be as to the verdict, it does not seem to us the defendant has any just grounds of complaint as to the instructions granted by the Court. It is insisted, however, that the Court ought further to have instructed the jury, that the evidence of the female plaintiff shows that her own *negligence directly contributed* to the injury, and she was not therefore entitled to recover. To this we cannot agree. Taking all the facts into consideration, the

Court could not say, as *matter of law*, that the plaintiff's own negligence directly contributed to the injury.

The Court could not say, as *matter of law*, that she was guilty of negligence in entering the car in advance of the other visitors. The rules and regulations which it is insisted she violated, were never published, nor even posted in a place where visitors could see and read them. And if they were announced at the tea table, she did not, she says, hear the announcement. She went to the car a few minutes only before the time for the visitors to return, and this she did because there were not seats enough for all the passengers, and having a sick child in charge, she was anxious to secure a seat. She found the car open, and persons inside, and in going into the car under these circumstances, it can not be said as matter of law, that she was guilty of negligence. Then again, in jumping from the car, she found it going down the grade at a rapid rate, with no one in charge of it. The only persons inside were women and children, some of whom she saw getting off. So whether the circumstances were such as to justify a prudent person in jumping from the car, was a question for the jury. And besides, if the Railroad Company did not mean that the visitors should enter the car until the brakeman had arrived and had taken charge of it, common prudence would have suggested, it seems to us, the necessity of locking the car door, and further, of securing the brakes in such a manner that a boy eight years old could not have unloosed them, especially as the car was standing on a switch with a grade steep enough to allow it, by its own momentum, to run down it at the speed of ten miles an hour. But, be all this as it may, the defendant has no ground to complain of the rulings of the Court below.

*Judgment affirmed.*