# THE UNITED RAILWAYS AND ELECTRIC COMPANY *vs.* SARAH A. WEIR.

*Carriers—Starting Car While Passenger is Alighting—Contributory Negligence—Instructions to the Jury.*

A railway company which stops its cars to allow passengers to alight is under obligation to stop a sufficient length of time to enable them to alight in safety, and if a passenger is injured by reason of the failure of the company to observe this obligation it is liable for the injury.

Plaintiff's evidence was that she was a passenger on defendant's street railway car and began to alight therefrom after the car had stopped and while she was in the act of getting down from the foot-board to the street, the car suddenly started and she was thereby thrown down and injured. Defendant's evidence was to the effect that the plaintiff began to alight after the car had started. *Held*, that if plaintiff's evidence be found to be true defendant was guilty of negligence, and the trial Court properly refused defendant's prayers, one of which asked the Court to rule that there was no evidence legally sufficient to entitle the plaintiff to recover, and the other to rule that the verdict must be for the defendant because the undisputed evidence showed that the plaintiff's negligence contributed to the injury.

*Held*, further, that the jury should not be instructed that if they found that the plaintiff attempted to alight from the car while it was in motion and before it came to a full stop, the verdict must be for the defendant.

It is not always, as a matter of law, negligence for a person to attempt to get off a car while it is in motion, but whether such attempt be negligence or not depends upon the circumstances of the particular case.

Appeal from the Court of Common Pleas (SHARP, J.), where there was a judgment for the plaintiff for $2,500.

The cause was argued before MCSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*Robert Crain* and *Albert E. Donaldson* (with whom was *Omer F. Hershey* on the brief), for the appellant.

*Howard Bryant*, for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellee sued the appellant company for personal injuries sustained by her when alighting from one of its cars.

The *narr.* avers that on the 7th day of August, 1903, while the plaintiff was a passenger on one of the cars of the defendant company at, or near the corner of Baltimore and Paca streets, in the city of Baltimore, and after the car had come to a full stop the plaintiff desired to alight from said car, and proceeded to do so; but before the plaintiff could get off of the car, and while she was exercising due care and caution, the said car was negligently and prematurely started by the agents and servants of the defendant while the said plaintiff. was in the act of alighting from the car, and that by such negligence and premature starting of the car the plaintiff was thrown to the ground, and thereby sustained serious and permanent injuries.

The accounts given by the witnesses as to the happening of the accident are conflicting, but it is sufficient to say that, so far as the plaintiff's case is concerned, she offered evidence tending to show the following facts: That on the morning of the accident, about the hour of eleven o'clock, she was a passenger on one of the cars of the defendant company coming east on Baltimore street; that when the car reached the corner of Baltimore and Paca streets it stopped, and that she attempted to alight therefrom; that she arose from her seat and caught hold of the handle-bar and stepped down on the foot-board of the car, and was in the act of getting down from the footboard to the street, and whilst in this position the conductor rang the bell and the car started; that the sudden starting of the car broke her hold on the handle-bar and threw her into the street, and that in consequence of being thus thrown she sustained serious injuries.

The defendant offered evidence tending to prove that the car stopped at the corner of Baltimore and Paca streets; and that the plaintiff made no effort to leave the car until after it had started; that the car was in motion when she got upon the foot-board, and that she was thrown when in the act of

stepping to the ground from the foot-board of the moving car; that the car stopped at the corner of Baltimore and Paca streets and had just started when the accident occurred, and had hardly time to move off at any speed when the injury occurred; that it had gone a very short distance after it had started, one witness fixing the distance at ten feet, and another at three or four feet, and all of the defendant's witnesses concurring in the statement that at the time the plaintiff stepped from the foot-board and was injured the car was running *smoothly* and *very slowly*.

At the conclusion of the case the appellee offered three prayers which were granted by the Court, and the defendant offered five—the fourth was granted, the fifth was granted as modified by the Court—and its first, second and third prayers were refused.

To the action of the Court granting the plaintiff's prayers and in refusing its first, second and third prayers, and in amending its fifth prayer the defendant excepted, and the verdict and judgment being against the defendant it has appealed.

The bill of exceptions brings up for review only the rulings of the Court on the prayers.

In the argument before this Court no question was made by the counsel for the appellant as to the correctness of the ruling of the Court on the plaintiff's prayers.

We find no error in the granting of these prayers. They announced the correct principles for the guidance of the jury in fixing the defendant's responsibility for the injury complained of, and also the correct rule for estimating the damages in case the jury should find for the plaintiff.

The defendant's first and second prayers were properly refused. The first prayer asked the Court to direct a verdict for the defendant, because there was no evidence in the case legally sufficient to entitle the plaintiff to recover, and the second prayer asked the Court to say that the undisputed evidence in the case showed that the negligence of the plaintiff contributed to the injury of which she complained, and, therefore, the verdict must be for the defendant.

In view of the evidence offered by the plaintiff it is clear that the Court could not grant either of these prayers.

It is settled that·while the carriers of passengers are not insurers of absolute safety, yet they are bound to exercise reasonable care according to the nature of their contract; and as their employment involves the safety of the lives and limbs of passengers the law requires the highest degree of care which is consistent with the nature of their undertaking. *Baltimore & Ohio R. R.* v. *State, use of Hauer,* 60 Md. 449.

A railroad company, undertaking the carriage of passengers for hire, which stops its cars for the purpose of allowing a passenger to alight therefrom, is under an obligation to stop a sufficient length of time to enable him to alight in safety, and if a passenger is injured by reason of the failure of the company to observe this obligation it is liable for the injury. *Cumberland Valley R. R. Co.* v. *Maugans,* 61 Md. 53; *United Railways Co.* v. *Hertel,* 97 Md. 383.

Assuming the testimony of the plaintiff as to the happening of the accident to be true, and the Court in passing upon these prayers was bound to assume its truth, there appears to have been, under the principles stated, a clear act of culpable negligence on the part of the defendant company.

The action of the Court in rejecting the defendant's third prayer constitutes the main ground upon which it relies for the reversal of the judgment.

This prayer asked the Court to instruct the jury that if they found that the plaintiff "attempted to alight from the car while it was in motion, and before it came to a full stop" their verdict should be for the defendant.

Under the authority of repeated decisions of this Court it would have been manifest error for the trial Court, under the facts as testified to by the defendant's witnesses, to have declared the plaintiff guilty, as matter of law, of negligence and want of ordinary care under the facts stated in the prayer. The question of negligence is ordinarily one of fact and not of law. This is the general rule, but cases frequently occur in which the Court will say that the plaintiff is guilty of contrib-

utory negligence when some prominent and decisive act of negligence is found to have been committed by him in regard to the character and affect of which no room is left for ordinary minds to differ.

Whether it be negligence *per se* for one to attempt to alight from a moving car must depend always upon the circumstances of the particular case.

In the case of the *Cumberland Valley Railroad Company* v. *Maugans, supra*, where a passenger on the appellant's cars was injured in alighting therefrom while the car was in motion, this Court said that the weight of authority is against the proposition, that it is *always*, as matter of law, negligence and want of ordinary care for a person to attempt to get off from a car while it is in motion; that in every case where the facts and circumstances are such that reasonable men may honestly entertain different views as to the nature and character of the act of the plaintiff, it is error in the Court to pronounce the act negligence in law, but that the question should be left to the consideration of the jury.

To the same effect are the cases of *Kane* v. *B. & O. R. R.*, 69 Md. 27; *New York, Phila. & Norfolk R. R. Co.* v. *Coulbourn*, 69 Md. 360; *Western Md. R. R. Co.* v. *Herold*, 74 Md. 510.

It will be noticed that the prayer excludes from the consideration of the jury the question of the physical condition and activity of the plaintiff, and also all the facts and circumstances of the case as testified to by the defendant's witnesses as to the speed of the car, except the two facts that she attempted to alight from the car while it was in motion and before it came to a full stop; and if the jury should find these two segregated facts then the Court was asked to say, *as matter of law*, there was such negligence on the part of the plaintiff as would preclude her right to recover, without regard to the other facts of the case. We are of opinion that the question of contributory negligence on the part of the plaintiff was properly lef to the jury to determine under the instructions granted by the Court upon all of the facts and circumstances of the case, and

that under the authority of the cases cited the prayer was properly refused.

Finding no error in the ruling of the Court, we affirm the judgment.

> *Judgment affirmed, the appellant to pay the costs.*