# THE UNITED RAILWAYS & ELECTRIC COMPANY
## *vs.* MICHAEL ROSIK.

*Injury to Passenger Alighting From Street Car—Instructions to the Jury.*

In an action against a street railway company alleging that an injury to the plaintiff was caused by its negligence, the plaintiff's evidence was to the effect that while a passenger on one of the defendant's open cars, he notified the conductor of his purpose to get off at a certain corner, that the car stopped at that corner, and while plaintiff had one foot on the running board in the act of getting off, the signal to go on was given, the car started and the plaintiff was thereby thrown to the ground. The defendant's evidence was that the plaintiff jumped off the car while it was in rapid motion in the middle of a block. *Held*, that the jury was properly instructed, at the instance of the plaintiff, that the defendant was bound to exercise for his safety the highest degree of care consistant with its undertaking, and that if the jury believe the evidence offered on his behalf, then he was entitled to recover; also that a prayer offered by the defendant that the verdict must be for it if the jury found that the plaintiff stepped to the foot-board of the car while in motion, and then fell, or was thrown in the street, was properly modified by adding thereto: "provided the jury find that under all the circumstances, there was want of ordinary care on the part of the plaintiff."

*Decided January 7th, 1908.*

Appeal from the Baltimore City Court (PHELPS, J.), where there was a judgment on verdict for the plaintiff for $900.

*Plaintiff's 1st Prayer.* If the jury find from the evidence that the defendant was the owner of the street railway mentioned in the declaration and evidence, and that the said defendant received and accepted the said plaintiff as a passenger, then the said defendant was bound to exercise for the plaintiff's safety, the highest degree. of care and skill which was consistant with the nature of its undertaking. (*Granted.*)

*Defendant's 2nd Prayer.* If the jury find that at the time of the accident mentioned the plaintiff stepped down to the footboard of the car and from there fell or was thrown into

the street, while the car was in motion, then their verdict must be for the defendant.  (*Refused.*)

*Defendant's 6th Prayer.*   If the jury find from the testimony that the plaintiff while the car was in motion stepped down to the footboard and then attempted to alight while the car was in motion, and was thereby thrown to the ground and injured, then their verdict must be for the defendant.   (*Refused.*)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*Joseph C. France* and *J. Pembroke Thom* (with whom was *Arthur L. Jackson* on the brief), for the appellant.

The appellant contends:

(1) That the appellee's first prayer should not have been granted, being a mere abstract proposition of law, and liable to mislead the jury, as it had no application to the facts testified to by the defendant's witnesses; and if the jury had attempted to apply that instruction to those facts—as they probably did—the result would necessarily have been erroneous.

(2) That, as there were two distinct and conflicting accounts of the manner in which the accident happend—one that the car started prematurely while the appellee was alighting; the other, that he attempted to alight from a rapidly moving car in the middle of a block—the appellant had the right to have its theory of the case presented to the jury, and the appellant's prayers should have been granted; for, if the appellee stepped from a rapidly moving car in the middle of a block and was injured owing to the motion of said car (there was no claim the motion was unusual), there was no negligence shown on the part of the appellant as a producing cause of the injury; and, in the absence of such negligence, the appellee would have no right of recovery, even if there had been no negligence on his part.

(3) That, while the negligence *vel non* of the appellee is immaterial, there being no negligence on the part of the

appellant as a producing cause; still for a man, even if under the influence of liquor (which, it will be remembered, is a self-imposed disability and is no excuse in law for such and act), —to attempt to alight from a rapidly moving car in the middle of the block, is such a glaring act of negligence that the Court should have instructed the jury as a matter of law, that if they found such to be the fact it would bar a recovery.

We submit as the law of this Court:    (1) That a passenger who undertakes to alight from a moving car and is *thereby* injured, assumes the consequences of his act unless there is some excuse for not waiting until the car stopped.    (2) That "excuse," in this connection, implies (a) some antecedent breach of duty (negligence) on the part of the carrier which (b) puts the passenger to a choice of evils—it being for the jury to decide whether, in view of the surrounding conditions, (*e.g.*, the passenger's bodily vigor: the rate at which the car was moving: the place of alighting: the apparent danger of remaining on the car), the passenger's act amounted to contributory negligence.    (3) That if the passenger, without excuse and merely of his own volition, alights from a moving car and is thereby injured, it makes no difference whether he did or did not use ordinary care, or whether his act was or was not likely to result in injury.

The plaintiff's first prayer should not have been granted because misleading, for, while it states a proposition of law which might be applicable if the appellee's evidence was considered alone, still the appellant's evidence was in the case, according to which the plaintiff got upon the running board at the side of the car and attempted to alight therefrom while the car was in rapid motion and jumped off or fell off and fell to the ground.    If the jury had believed the defendant's evidence and had tried to apply the instruction of the Court to it (to which it was manifestly inapplicable), the jury might have inferred or found that the highest degree of care would have required the defendant to keep the plaintiff (an able-bodied man and presumed to be sane) in the body of the car and not have allowed him to get upon the running board while the car

was in motion.   A carrier should not be held to this degree of care.   *Sharkey* v. *Lake Roland Elevated Railway Co.*, 84 Md. 169; *Hickey* v. *Boston & Lowell R. R. Co.*, 14 Allen (Mass.) 433.

However correct it may be in theory when granted in connection with testimony to which it is applicable, and when there is no evidence in the case which would render it inapplicable, the prayer was improperly granted in the case at bar because of the appellant's evidence. *Walsh* v. *Taylor* 39 Md. 592.

Whether the appellee was negligent or not in getting upon the footboard while the car was in motion, the mere fact of his being thrown by the motion, in the absence of any proof of negligence on the part of the appellant (none being shown if the jury believed the account of the accident as given by the appellant's witnesses) should not entitle the appellee to a verdict, as the right to recover is based upon the negligent act of the appellant and injury resulting therefrom to the appellee.

This is most clearly brought out in the defendant's sixth prayer which should have been granted, the trial Court seemingly overlooking the meaning of the important word "thereby," meaning "by reason thereof" or "as a consequence thereof" or "because thereof."   For if the plaintiff stepped from the car while in motion and fell off or was thrown off because of the motion the cause of his injury was known, and was not due to any negligent act of the defendant, but to the risk which he assumed in taking this extra-hazardous position, while the car was "moving right fast, going at a pretty good gait," and "as fast as it could."   *Baltimore Consolidated Ry. Co.* v. *Foreman*, 94 Md. 225; *Miller* v. *Western Md. R. Co.*, 105 Md. 30; *Coleman* v. *R. Co.*, 114 N. Y. 612; *Bumbear* v. *Traction Co.*, 198 Pa. 198; *Bainbridge* v. *Traction Co.*, 206 Pa. 71.

As the evidence of the appellee tended to prove a simple case of the premature start character, the appellant does not contend that this case should be taken from the consideration of the jury, but as the evidence of the appellant tended to prove that the appellee attempted to alight from a rapidly

moving car and either jumped off or fell off from the same, and especially as there is nothing to show anything unusual in the operation of the car or any act of negligence on the part of the defendant or its agents, if this version of the accident was believed, the appellant does contend that it had the right to submit its theory of the case to the jury in the way in which it attempted to do by its first, second, and especially its sixth prayer.

*Robert F. Leach, Jr.* (with whom was *G. W. Siwinski* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff recovered a judgment in the Baltimore City Court, for personal injuries sustained, while a passenger, on one of the defendant's cars, in Baltimore City.

At the trial of the case, the defendant reserved three exceptions. Two of these relate to the rulings of the Court upon the admissibility of evidence, and were waived by the appellant in its brief and in the argument in this Court. The third exception presents the ruling of the Court upon the prayers and is the one question for discussion upon this appeal.

The plaintiff offered three prayers, all of which were granted. The defendant's first, second and sixth were refused, but its third, fourth and fifth prayers were granted as offered. The defendant's first prayer was granted with certain modifications.

The action of the Court in granting the plaintiff's prayers and in rejecting the defendant's prayers, as stated, forms the basis of the third exception and becomes the only matter before us for consideration.

The plaintiff, was a passenger on one of the defendant's cars on August 22nd, 1905, and was injured while attempting to leave or alight from the car near Lakewood avenue in Baltimore City. He testified that he boarded the defendant's car at Wolfe and Aliceanna streets, paid his fare, and became a passenger therein, that when the car reached Cannon street,

he notified the conductor to stop at Luzerne street, the car slacked up but did not stop; he asked the conductor why he did not stop the car, the conductor replied, never mind, he then asked him to stop at Lakewood avenue, and the car crossed the steam railroad tracks at Lakewood avenue and stopped. He then got up, caught hold of the bench with his hand, and caught hold of the handle, put one foot down upon the board, and as he was about to pull the other leg after, the conductor pulled the bell twice, he was thrown off and the car went on. That he was hurt on the knee, leg and thigh, in the chest and shoulders, and is still unable to lift anything with the left hand, that he was taken home and sent for a doctor. He was unable to get out of his bed for over two months and suffered great pain from the injury.

The testimony of the plaintiff, as to the cause of the accident was substantially corroborated, by the witness Boloviski who was on the car at the time and saw the accident.

Evidence was offered by the defendant tending to prove that the accident was caused by the carelessness of the plaintiff in attempting to leave the car while in motion, in the middle of a block, at Binney street near Lakewood avenue; that he walked down to the foot board, held on the handle and jumped off the car, while in rapid motion; that he was warned not to do so.

The rule of law bearing upon negligence cases, similar to the one now before us, has been so firmly fixed by the decisions of this Court, that it becomes a mere matter of the application of the facts of the case, than to a discussion of the reasons upon which the rule rests.

The question of negligence both on the part of the plaintiff and defendant, was fairly and correctly presented to the jury, in this case by the plaintiff's and defendant's granted prayers upon the facts set out in the record. The plaintiff's first prayer was properly granted. It submitted the correct rule, as to the degree of care and skill the defendant was bound to exercise for the plaintiff's safety, as a passenger, on its cars. It has been approved by a number of cases, in this Court. *United Railways Co. v. Beidelman,* 95 Md. 483.

The plaintiff's second and third prayers were also properly granted, and we do not understand their correctness to be seriously controverted here.

The second prayer is as follows: The plaintiff prays the Court to instruct the jury that if the jury find from the evidence before them that Michael Rosik, the plaintiff, was a passenger upon one of the defendant's cars, and if they further find that said car came to a full stop to allow passengers to alight, and if they further find that after said car came to a full stop, the said plaintiff, while using due care and caution on his part in the premises, attempting to alight from said car, and if they further find that said car was started by an agent or servant of said defendant while said plaintiff was in the act of alighting from said car, and that by reason thereof the plaintiff was thrown to the ground and sustained the injuries testified to, then the verdict must be for the plaintiff.

The third prayer, relates to the measure of damages and is free from objection.

The defendant's first prayer was rejected as offered. It was, however, granted by a modification to the effect: "Provided the jury find that under all the circumstances there was want of ordinary care on the part of the plaintiff." There was no such error in the granting of this prayer, as modified, of which the defendant can complain. The prayer as offered, was as follows:. "The jury are instructed, that if they find from the testimony that the plaintiff at the time of the accident mentioned, stepped to the foot board of the car while the same was in motion and before it reached the stopping place, and while on said foot board was thrown into the street by the motion of the car, then their verdict must be for the defendant.

A prayer similar to the one here offered by the defendant, has been condemned, by a number of cases in this Court. In the recent case of *United Ry's. Co.* v. *Weir*, 102 Md. 290, this Court, in approving the previous decisions on the subject, said: "Whether it be negligence *per se* for one to attempt to alight from a moving car must depend upon the circumstances of the particular case."

In *United. Ry's. Co.* v. *Woodbridge*, 97 Md. 636, it is also said that the weight of authority is against the proposition that it is always, as matter of law, negligence and want of ordinary care for a person to attempt to get off from a car when it is in motion.     *Kane* v. *B. & O. R. R. Co.*, 69 Md. 27; *N. Y., Phil. & N. R. R. Co.* v. *Coulbourn*, 69 Md. 360; *Western Md. R. R. Co.* v. *Herold*, 74 Md. 510; *Cumberland Valley R. R. Co.* v. *Maugans*, 61 Md. 53; *United Ry. Co.* v. *Hertel*, 97 Md. 383.

The second and sixth prayers of the defendant were properly refused because they submitted the same proposition in substantially the same language, as the rejected first prayer, which we have held was clearly objectionable, for the reasons herein stated.

The theory of the defendant's case we think, was correctly submitted in its three granted prayers, and in the first amended prayer.

The law of the case, was fairly put to the jury by the granted prayers on behalf of the plaintiff and defendant and we find no reversible error in the rulings of the Court thereon. The facts of the cases of *Baltimore Consolidated Ry. Co.* v. *Foreman*, 94 Md. 225; *State, use of Miller*, v. *The Western Md. R. R. Co.*, 105 Md. 30, and other cases relied upon by the defendant, and cited in its brief, were unlike those of this case. They are dissimilar and do not fit the facts of this case.    The question of negligence and contributory negligence was one of fact for the jury, to determine under all the evidence, and finding no error in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed, with costs.*